UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
------------------------------------------------------------------X

Terrence Jamal Fitch,

appearing in private capacity as Terrence-Jamal: Fitch, Secured Party Creditor, Authorized Agent for Trustee of a Private Irrevocable Trust

                              Plaintiff,

- against –

The Honorable David W. Paulson, in his official capacity,
Clerk of Racine County Circuit Court, in official capacity,
Educators Credit Union,
Landmark Credit Union,

                              Defendants
------------------------------------------------------------------X

Case No __25-C 1486__

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES PURSUANT TO 42 U.S.C. § 1983**

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES PURSUANT TO 42 U.S.C. § 1983

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Fourteenth Amendment.

2. Venue is proper under 28 U.S.C. § 1391(b), as the acts and omissions giving rise to the claims occurred in Racine County, within the Eastern District of Wisconsin.

3. Plaintiff invokes the Constitution of the United States of America, federal equity jurisdiction, and applicable provisions of Wisconsin law (including Wis. Stat. chs. 841, 403, and 409). Plaintiff appears in private capacity and expressly reserves all rights and remedies available under equity, common law, and commercial law.

4. This Court, as an Article III tribunal, has competent jurisdiction over this action. Plaintiff appears strictly in private capacity, not in any representative or statutory capacity.

## II. PARTIES

5. Plaintiff, Terrence-Jamal: Fitch, is a living man appearing in private capacity, acting as the authorized agent and fiduciary representative for the trustee of a private irrevocable trust holding interest in the subject property located in Racine County. Plaintiff also holds a secured party interest perfected under UCC Financing Statement No. 20240510000265-1.

6. Defendant Hon. David W. Paulson is a Circuit Court Judge of Racine County, sued in his official capacity for declaratory and injunctive relief.

7. Defendant Clerk of the Racine County Circuit Court is an administrative officer, sued in official capacity for acts affecting procedural due process.

8. Defendant Educators Credit Union is a Wisconsin financial institution involved in foreclosure proceedings against Plaintiff and is alleged to have acted in concert with state actors.

9. Defendant Landmark Credit Union is also a financial institution pursuing foreclosure-related actions and is alleged to have participated in the suppression of Plaintiff's rights.

## III. FACTUAL BACKGROUND

10. On May 7, 2025 Plaintiff initiated a quiet title action to challenge unlawful foreclosure claims against trust property, asserting a superior secured interest perfected through a Uniform Commercial Code Financing Statement.

11. On August 16, 2024 and August 31, 2024 Plaintiff lawfully tendered a negotiable instrument to satisfy any alleged debt and conducted an administrative process with no response or dishonor from the financial defendants.

12. On June 9, 2025 Plaintiff filed multiple motions in Racine County, including a Motion to Change Venue and an Emergency Motion to Stay Proceedings, citing judicial bias and prior procedural irregularities.

13. Between June 9, 2025 and June 23, 2025 Plaintiff filed multiple motions in Racine County, including a Motion to Change Venue and an Emergency Motion to Stay Proceedings, citing judicial bias and prior procedural irregularities.

14. The court denied the Motion to Change Venue and the Motion for Reconsideration without evidentiary hearing or written findings of fact, thereby violating Plaintiff's right to be heard.

15. While jurisdiction and procedural objections were pending, defendants were permitted to file dispositive motions and advance foreclosure arguments.

16. The court failed to address Plaintiff's filings, including objections to dismissal, administrative evidence of tender, and declarations asserting rights under commercial law and trust law.

17. These omissions reflect a pattern of prejudicial conduct, denial of due process, and collusion between state and private actors to suppress Plaintiff's claims.

18. Plaintiff affirms that he has exhausted all reasonably available administrative and judicial prerequisites prior to bringing this action.

19. Plaintiff initiated a quiet title action prior to the entry of any final foreclosure judgment. That equitable action, distinct from foreclosure, sought to establish trust ownership and secured interests under Wis. Stat. chs. 841 and 409. The foreclosure court proceeded without addressing or consolidating the quiet title claims, thereby depriving Plaintiff of a meaningful opportunity to resolve superior claims of title and secured priority. Federal intervention is necessary to protect these independent equitable rights.

### Secured Party Status and Perfection of Interest

20. On May 9, 2024, Plaintiff perfected a security interest through UCC Financing Statement No. 20240510000265-1, securing all rights, title, and interests associated with Plaintiff's private estate. This filing placed all parties on constructive notice of Plaintiff's priority rights under Wis. Stat. ch. 409.

21. This perfection was further continued and specifically applied to the irrevocable trust corpus holding the subject property, as reflected in UCC Filing No.20250421116144-6. Said filings remain active, unrebutted, and duly recorded with the Wisconsin Department of Financial Institutions.

22. Together, these filings establish Plaintiff's superior and perfected priority interest in both the estate and the specific trust property, including the subject real estate currently in dispute. Defendants' foreclosure enforcement disregards these perfected rights, thereby constituting extrinsic fraud, dishonor in commerce, and denial of due process under the Fourteenth Amendment.

### Equitable and Commercial Rights at Issue

23. Plaintiff holds a perfected security interest in the subject property under UCC Financing Statement No. 20240510000265-1, filed May 9, 2024. Said interest remains unrebutted and therefore stands as notice to all parties. Defendants' refusal to return tender, validate debt, or rebut affidavits of fact constitutes dishonor and commercial fraud under Wis. Stat. chs. 403 and 409. Equity protects trust corpus and abhors forfeiture; therefore, Plaintiff invokes this Court's equitable jurisdiction to preserve priority rights and prevent further unlawful divestment.

## IV. CLAIMS FOR RELIEF

### Count I – Denial of Due Process (14th Amendment)

24. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-23, with the same force and effect as though fully set forth herein.
25. Defendants, acting under color of state law, deprived Plaintiff of notice, hearing, and a neutral forum to resolve disputes involving trust ownership and secured commercial interests.
26. Defendants, while acting under color of state law, deprived Plaintiff of protected constitutional rights secured by the Fourteenth Amendment to the United States Constitution, specifically the right to procedural due process.
27. Plaintiff holds a vested interest in real property secured by trust ownership and perfected commercial interest through a valid UCC Financing Statement and administrative tender process. These property interests are entitled to constitutional protection.
28. Despite Plaintiff's repeated filings, including motions for change of venue, emergency motion to stay proceedings, conditional acceptance, notice of tender, and objections to proposed orders, the court:

- Failed to provide timely rulings on critical motions;
- Refused to hold an evidentiary hearing or explain judicial inaction;
- Ignored substantive filings asserting secured interests and private trust rights.

29. The denial of a meaningful hearing, the failure to address jurisdictional objections, and the procedural silence from judicial officers collectively constitute a denial of fair process under law.

30. Plaintiff was not given a meaningful opportunity to be heard in a neutral forum, and Defendants' actions were not narrowly tailored or justified by any compelling government interest. This constitutes a violation of the Fourteenth Amendment's guarantee of procedural due process.

**Count II – Denial of Access to Courts (14th Amendment, 42 U.S.C § 1983)**

31. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-30, with the same force and effect as though fully set forth herein.

32. Plaintiff was denied a fair opportunity to present evidence and defend trust property due to repeated procedural blocks and judicial refusal to act.

33. The Constitution guarantees all persons the right to access the courts for redress of grievances. This right is violated when a state or its agents, by action or inaction, obstructs or unreasonably delays the ability to pursue or defend a claim.

34. Plaintiff, acting in good faith and private capacity, timely filed motions, declarations, and commercial instruments intended to resolve or contest foreclosure proceedings involving trust property. Plaintiff was denied:
- Timely hearings on emergency motions;
- Responses to motions to change venue and reconsideration;

6 of 10
Case 2:25-cv-01486-LA    Filed 09/26/25    Page 6 of 10    Document 1

- A forum that would address or acknowledge trust ownership, secured interest, or discharge (setoff) efforts;

- The opportunity to present documentary evidence or cross-examine opposing claims.

35. By consistently refusing to act, the court and state agents rendered Plaintiff's filings functionally meaningless, violating the constitutional right to petition the government for redress and denying the fundamental right of access to justice.

36. This systemic obstruction, carried out under color of law, constitutes a separate and actionable constitutional violation under § 1983.

**Count III – Collusion Between State and Private Actors**

37. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-36, with the same force and effect as though fully set forth herein.

38. Educators and Landmark Credit Union, though nominally private, acted in concert with the judicial officers by knowingly benefiting from procedural irregularities, non-response to filings, and reliance on foreclosure-related documents that ignored Plaintiff's secured commercial interest.

39. Specifically, the corporate Defendants:

- Knowingly benefited from judicial silence and failure to adjudicate Plaintiff's secured interest;

- Filed motions to dismiss and foreclosure pleadings while Plaintiff's jurisdictional and constitutional objections were pending;

- Refused to respond to Plaintiff's commercial tender or administrative notices, in violation of UCC presentment and discharge (setoff) rules;

• Relied on void or defective documents which ignored Plaintiff's status as holder in due course and trust beneficiary.

40. These private Defendants acted "under color of state law" by working in concert with state court officials to obstruct Plaintiff's constitutional rights.

41. Such coordination amounts to state action for purposes of § 1983 and supports an actionable claim for constitutional deprivation under federal law.

### Count IV – Modern Bill of Pains and Penalties

42. Plaintiff repeats and realleges and incorporates by reference paragraphs 1-41.

36. Defendants' actions in enforcing foreclosure without standing, without production of the original instrument, and without recognition of Plaintiff's perfected secured interest impose economic punishment and forfeiture of property without lawful process.

37. These acts constitute a modern bill of pains and penalties, prohibited by Article I, §§ 9–10 of the United States Constitution.

### Reservation of Remaining Causes of Action

43. Plaintiff expressly reserves all commercial, equitable, and statutory causes of action arising from the same or related facts, including fraud in the inducement, conversion, unjust enrichment, RESPA, FDCPA, RICO, and trust accounting, for future proceedings. This action is limited to constitutional and equitable relief and does not waive private rights.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a. Declaratory judgment that Defendants violated Plaintiff's rights under the United States Constitution;

b. Declaratory judgment recognizing Plaintiff's trust and UCC-secured interests as valid and superior to Defendants' claims;

c. Quiet title in favor of the private trust pending adjudication;

d. Temporary restraining order and preliminary injunction halting foreclosure enforcement, eviction, or transfer of title related to the subject property;

e. An award of compensatory damages in an amount not less than $250,000;

f. An award of punitive damages in an amount not less than $500,000 against Educators Credit Union and Landmark Credit Union;

g. Attorney's fees and costs under 42 U.S.C. § 1988;

h. Any further equitable relief the Court deems just and proper.

## Disclaimer

Plaintiff does not identify with, represent, or operate under any ideology labeled 'sovereign citizen.' Plaintiff is a living man operating in private capacity, relying on recognized principles of constitutional, equity, and commercial law, and engages the public forum strictly for the protection of secured rights and property interests.

Use of statutory references herein, including 42 U.S.C. § 1983 and Wis. Stat. § 401.308, is for procedural notice and protective purposes only, and does not constitute joinder to any adhesion contract or waiver of private status. Plaintiff appears strictly in private capacity, as authorized agent for the trustee of a private irrevocable trust.

## Declaration

I, Terrence-Jamal: Fitch, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, understanding, and

belief.

Executed on this 24 day of September, 2025.

_Terrence Jamal Fitch_

Terrence Jamal Fitch

Terrence-Jamal: Fitch, in private capacity
Authorized Agent for the Trustee
All Rights Reserved

P.O. Box 81842
Racine Wisconsin 53408